UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RYDER WHITE HAWK SIERRA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>COREY BRUBAKKEN, Jail Commander,<br>MR. RUNNER, Head of U.S. Marshals<br>Services Western Division of Rapid City,<br>South Dakota,<br><br>　　　　　Defendants. | 5:26-CV-05013-CBK<br><br>ORDER |

　　　Plaintiff, a federal detainee at the Pennington County Jail, filed a *pro se* complaint along with a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915. Plaintiff is unable to pay an initial filing fee. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff must pay the full $350 filing fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2).

　　　The Prison Litigation Reform Act requires the Court to conduct a screening pursuant to 28 U.S.C. § 1915A(b) when a prisoner seeks redress against a government employee. The Court is required to dismiss a case filed without the prepayment of filing fee if it determines that the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). I am required to liberally construe plaintiff's complaint and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015).

Plaintiff was arrested June 21, 2025, pursuant to a revocation warrant issued in conjunction with a petition to revoke supervised release in a failure to register as a sex offender case, 5:23-cr-50044-KES. A revocation hearing is scheduled for October 20, 2026. He was detained throughout the revocation proceedings. An arrest warrant was executed September 15, 2025, pursuant to an indictment filed charging failure to register as a sex offender, 5:25-cr-50145-CCT. He pleaded guilty in that case and is scheduled to be sentenced February 9, 2026. He has remained detained with the exception of a furlough to attend his mother's funeral in December 2025.

Plaintiff contends that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment of the United States Constitution.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988). Liberally construed, plaintiff has alleged that defendant Brubakken, who is alleged to be an employee of the Pennington County, South Dakota, Jail is a state actor.

Plaintiff's claim against defendant Runner, liberally construed, alleges a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346 and 28 U.S.C. § 2671 *et seq.* or under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 389 (1971).

Plaintiff has moved for the appointment of counsel. Appointment of counsel is premature at this time.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 2, to proceed *in forma pauperis* without the payment of the filing fee is granted.

2. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S.

District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

3. The Clerk of Court shall send a copy of this order to the appropriate official at plaintiff's current institution and shall mail the same to any subsequent institution housing plaintiff following sentencing in his federal criminal cases.

4. Plaintiff's motion, Doc. 4, for the appointment of counsel is denied.

5. The Clerk of Courts shall provide plaintiff a separate summons and USM-285 form for each defendant. Plaintiff shall compete and return to the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Courts will issue the summonses.

6. The United States Marshals Service shall serve a copy of the summons and complaint upon the defendants pursuant to SDCL 15-6-4(d). All costs of service shall be advanced by the United States.

7. In the event plaintiff makes a recovery under the complaint, plaintiff shall reimburse the government for any filing and service fees that have been advanced.

8. If the plaintiff fails to complete and return summons and the USM-285 forms as directed, this matter will be dismissed for failure to prosecute.

DATED this 7th day of February, 2025.

BY THE COURT:

*Charles B Kornmann*

CHARLES B. KORNMANN
United States District Judge