UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RYDER WHITE HAWK SIERRA,<br><br>Plaintiff,<br><br>vs.<br><br>COREY BRUBAKKEN, Jail Commander, MR. RUNNER, Head of U.S. Marshals Services Western Division of Rapid City, South Dakota,<br><br>Defendants. | 5:26-CV-05013-CBK<br><br>ORDER |

Plaintiff, a federal detainee at the Pennington County Jail, filed a *pro se* complaint alleging that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment of the United States Constitution. Following initial review, this Court ordered service upon defendants. Defendant Brubakken has filed an answer. Plaintiff filed a second motion for appointment of counsel. His first motion was denied as premature.

Plaintiff was authorized to proceed *in forma pauperis* without the prepayment of the filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(1). The PLRA authorizes the district court "to request an attorney to represent an person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, "*pro se* litigants have neither a constitutional nor a statutory right to appointed counsel in civil cases. Patterson v. Kelley, 902 F.3d 845, 850 (8th Cir. 2018). The district court has broad discretion under § 1915(e)(1). LeFever v. Dawson County Sheriff's Dep't, 109 F.4th 1100, 1112 (8th Cir. 2024).

The United States Court of Appeals has held that "district courts should consider several nonexclusive factors when considering the appointment of civil counsel, and that

factors may be entitled to different weight in different cases." LeFever v. Dawson County Sheriff's Dep't, 109 F.4th at 1112.

> (1) whether the plaintiff and the court will benefit from the assistance of counsel;
> (2) whether the case is factually complex;
> (3) whether the plaintiff is able to investigate the facts,
> (4) whether there exists conflicting testimony,
> (5) whether the plaintiff is able to present his claim; and
> (6) whether the case involves complex legal issues.

Id.

This case is not factually or legally complex. Plaintiff set forth in the complaint the date he was arrested, the nature of his prior injuries and medical care he had been receiving, and the alleged lack of medical and dental care since his arrest despite his requests. The law concerning deliberate indifference is clear and the Court requires no instruction in that regard. Plaintiff is capable of pursuing his claim at this stage of the litigation.

Now, therefore,

IT IS ORDERED that plaintiff's motion, Doc. 12, for the appointment of counsel is denied.

DATED this 30th day of March, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

2